UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

John H. Breistol and
Suzanne M. Breistol,

    Plaintiffs,

v.

The PNC Financial Services Group, Inc.; and
PNC Bank, National Association;

    Defendants.

---

## FAIR CREDIT REPORTING ACT COMPLAINT

Plaintiffs John Breistol and Suzanne Breistol hereby file this Complaint under the Fair Credit Reporting Act:

### INTRODUCTION

1. This is a Complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq., as amended by,* the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub L. 108-159, 111 Stat. 1952. Plaintiffs allege that Defendants have seriously damaged their creditworthiness, credit terms, and/or credit scores, and have rendered their credit reports inaccurate and/or unclear, by erroneously reporting a mortgage in their names as a "charge off," after agreeing to report it as "satisfied" or "settled in full."

### JURISDICTION AND VENUE

2. Federal question jurisdiction exists pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

1

3. Defendants are business entities that have regularly conducted business in the State of Florida, have been registered to do business in the State of Florida, and hence are residents and citizens of the State of Florida.

4. At all relevant times herein, Defendants have maintained business offices in the State of Florida and in this District.

5. Defendants have purposefully availed themselves of the rights and benefits of the State of Florida through these acts, and by conducting business with consumers in the State of Florida, both through the Internet and through operating banking locations in the State of Florida.

6. The PNC entities named herein as Defendants are "furnishers" as defined by the FCRA.

7. Under 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district in which any defendant resides, if all residents are residents of the State in which the district is located.

8. Under 28 U.S.C. § 1391(c), for all venue purposes, an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question.

9. Under the FCRA, specifically 15 U.S.C. §1681p: "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction…." Therefore, venue is proper in this District.

10. Venue in this District is also proper under 28 U.S.C. § 1391(b) because, at all relevant times herein, Defendants have regularly conducted business in the State of Florida, have been registered to do business in the State of Florida, and hence are residents and citizens of the State of Florida.

11. Further, venue in this District is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

12. Plaintiff **John Breistol** is a resident and domiciliary of the State of Florida. He resides in Broward County, Florida, specifically at 1201 S.E. 15 Ave., Deerfield Beach, FL 33441, and is a person of the full age of majority.

13. Plaintiff **Suzanne M. Breistol** is a resident and domiciliary of the State of Florida. She resides in Broward County, Florida, specifically at 1201 S.E. 15 Ave., Deerfield Beach, FL 33441, and is a person of the full age of majority.

14. Defendant **The PNC Financial Services Group, Inc.** is a Florida Profit corporation with a principal business address of 6600 Taft Street, Suite 301, Hollywood, FL 33023. It has been administratively dissolved for failure to file an annual report.

15. Defendant **PNC Bank, National Association** is a foreign corporation with a principal business address of 6750 Miller Road, Brecksville, Ohio 44141

16. PNC's website states that "PNC, PNC Bank, ACHIEVEMENT, PINACLE, Working Cash, ActivePay, Global Trade Excellence, Vested Interest, Midland Loan Services, Enterprise!, CMBS Investor Insight, Portfolio Investor Insight, Borrower Insight, Shared Servicing, PNC Riverarch Capital, and PNC Erieview Capital

are registered marks of The PNC Financial Services Group, Inc. ('PNC'). PNC Retirement Solutions is a service mark of PNC. Bank deposit, treasury management and lending products and services, and investment and wealth management and fiduciary services, are provided by PNC Bank, National Association ('PNC Bank'), a wholly-owned subsidiary of PNC and **Member FDIC."** (emphasis in original)

17. Defendants **The PNC Financial Services Group, Inc.** and **PNC Bank, National Association** comprise a unified business enterprise, jointly act as a "furnisher" as defined by the FCRA, and are referred to herein collectively as "PNC."

18. Upon information and belief, in no way is the parent corporations named herein as a Defendant less responsible or less directly involved in the alleged FCRA violations than its counterpart subsidiary corporation named herein as a Defendant.

## FACTS

19. In September 2015, the Breistols entered into an agreement with PNC by which the Breistols would make a $32,000.00 final payment to PNC in settlement of their outstanding balance with PNC for a residential mortgage on the property located at 1201 S.E. 15th Ave., Deerfield Beach, Florida.

20. A material term of this agreement was PNC's agreement to change the way in which it reported the mortgage to the major national credit reporting agencies. Specifically, PNC agreed to report the mortgage, for both of the Breistols, as "satisfied" or "settled in full," *instead of* as a "charge off." As Mr. Breistol expressed repeatedly to PNC representatives, this change was critical because the derogatory coding and descriptions in the mortgage tradeline were seriously damaging their credit, and

ostensibly would continue to do so unless PNC reported it differently. PNC agreed to report the mortgage differently, but then reneged on that agreement.

21.     Previously, Mr. Breistol sent many e-mails to PNC expressing his deep concern with PNC's breach of that agreement.

22.     PNC's inaccurate reporting of the mortgage account to credit reporting agencies has caused serious damage to the credit scores and creditworthiness of both Mr. and Mrs. Breistol, in clear violation of the FCRA.

23.     While PNC may have internally classified the mortgage loan as a charge off, that is not what matters; what matters is that PNC agreed not to continue to report it that way to the credit bureaus. Having agreed to do so, PNC should have followed through. PNC did not.

24.     Accordingly, PNC has been reporting the account inaccurately, in violation of the FCRA. To date, the Breistols have already been denied one or more loans because of the derogatory tradeline.

25.     Upon information and belief, Defendants continue to report such inaccurate and unclear information to CRAs, causing the inaccurate information to appear in their credit reports.

26.     Defendants are highly sophisticated business entities that know how to report such information clearly and accurately, but inexplicably choose not to do so.

27.     Each Defendant's conduct is a willful violation of the FCRA—not merely a negligent one.

28. The creditworthiness, terms of credit, and credit scores of Plaintiffs have been damaged as a direct and proximate cause of Defendants' acts and omissions. Plaintiffs have suffered from credit reports that are inaccurate.

**COUNT ONE OF ONE—INADEQUATE REINVESTIGATIONS; VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)**

29. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 above as if fully stated herein.

30. A furnisher—as that term is used in the FCRA—provides credit information to credit reporting agencies ("CRAs").

31. Furnishers are subject to the requirements of the FCRA, including those duties set forth in 15 U.S.C. § 1681s-2(b).

32. At all relevant times, Defendants were/are furnishers that provided derogatory, inaccurate, false, and misleading credit information to the CRAs about Plaintiffs.

33. Plaintiffs, through Mr. Breistol and counsel, complained to the national CRAs (Equifax, TransUnion and Experian), who by law were required to report those complaints to PNC, and did in fact report those complaints to PNC. PNC actually received those complaints from the three national CRAs.

34. Plaintiffs, through Mr. Breistol and counsel, also complained directly to PNC.

35. Despite knowing that the credit information was false, inaccurate, and misleading, PNC still provided it to CRAs—even after being informed by CRAs of consumer disputes and requests for reinvestigation.

36. PNC willfully violated 15 U.S.C. § 1681s-2(b), throughout the entire course of its actions, by failing to fully, properly, and reasonably investigate the disputes; failing to review all relevant information; failing to make corrections and reporting them to CRAs; and by other acts and omissions that will be shown at trial.

37. The conduct, acts, and omissions of Defendants have been willful, rendering them liable for statutory and punitive damages, costs, expenses, and attorneys' fees, in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

38. Plaintiffs are entitled to the recovery of statutory damages or actual damages, punitive damages, costs, expenses, and attorneys' fees from Defendants in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an Order and Judgment against Defendants as follows:

A. Entering judgment in favor of Plaintiffs and against Defendants;

B. Awarding Plaintiffs actual damages, costs, expenses, and attorneys' fees, as allowed by the FCRA;

C. Awarding Plaintiffs statutory damages under the FCRA in the amount of $100 to $1,000, and punitive damages; and

D. Awarding such further and other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

39. Plaintiffs are entitled to and hereby demand a jury trial for all issues so triable, as stated in the United States Constitution, Amendment 7 thereto, and Fed. R. Civ. P. 38.

**DATED NOVEMBER 17, 2016.**

Respectfully submitted:

s/ Steven F. Grover

_____
Steven F. Grover, P.A.
(Fla. Bar. # 131296)
Wells Fargo Tower
One East Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Tel.: 954-356-0005
E-mail: stevenfgrover@gmail.com
*Lead/trial counsel for Plaintiffs*

Breistol.Complaint.111716